BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14-MC-00091-WBS-AC |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $81,013.41 SEIZED FROM JP MORGAN CHASE BANK ACCOUNT NUMBER 3060031290, HELD IN THE NAME OF MANUEL LUNA, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On February 7, 2014, the Internal Revenue Service – Criminal Investigation ("IRS") executed a Federal seizure warrant at JP Morgan Chase Bank at 4741 Madison Avenue in Sacramento, California. The agents seized Approximately $81,013.41 from JP Morgan Chase Bank Account Number 3060031290, held in the name of Manuel Luna (hereafter the "defendant funds").

2. The IRS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about April 10, 2014, the IRS received a claim from Manuel Luna asserting an ownership interest in the defendant funds.

3. The United States represents that it could show at a forfeiture trial that on February 7, 2014, IRS agents executed a Federal seizure warrant on the defendant funds. The agents seized

Approximately $81,013.41 from JP Morgan Chase Bank Account Number 3060031290, held in the name of Manuel Luna that was allegedly money that Mr. Luna had knowledge of currency transaction reporting requirements, that he knowingly structured currency transactions in order to evade currency reporting requirements that were unlawful and involved a domestic financial institution in violation 31 U.S.C. § 5324(a)(3).

4.  The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 31 U.S.C. § 5317(c)(2).

5.  Without admitting the truth of the factual assertions contained in this stipulation, Manuel Luna specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Manuel Luna agrees that an adequate factual basis exists to support forfeiture of the defendant funds.  Manuel Luna hereby acknowledges that he is the sole owner of the defendant funds, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Manuel Luna shall hold harmless and indemnify the United States, as set forth below.

6.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7.  This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

8.  The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9.  The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of the Consent Judgment of Forfeiture, $68,513.41 of the Approximately $81,013.41 seized from JP Morgan Chase Bank Account Number 30600314290, together with any interest that has accrued on the total amount seized, shall be forfeited to the United States pursuant to

21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $12,500.00 of the $81,013.41 seized from JP Morgan Chase Bank Account Number 30600314290 shall be returned to potential claimant Manuel Luna, through his attorney William A. Welch.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Manuel Luna waives the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorney's fees.

15. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

IT IS SO ORDERED.

Dated:  February 5, 2015

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE